UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Panyia Vang,

    Plaintiff,

v.

Thiawachu Prataya et al.,

    Defendants.

Civil No. 12-1847 (JNE/SER)
ORDER

Asserting claims under 18 U.S.C. §§ 1595 and 2255 (2006 & Supp. V 2011), Panyia Vang brought this action against Thiawachu Prataya and Chong Neng Xiong. After Vang had amended her complaint, Prataya and Xiong filed an Answer.[1] Approximately two months later, Prataya and Xiong filed a Motion to Dismiss. For the reasons set forth below, the Court denies the motion.

The parties presented matters outside the pleadings in connection with the motion. The Court excludes the matters outside the pleadings and considers the motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d). In ruling on such a motion, a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1]     The Complaint and the Amended Complaint are similar. Based on the numbered paragraphs to which Prataya and Xiong specifically responded, it appears that Prataya and Xiong answered the Complaint.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Without specifically addressing the Amended Complaint's allegations or claims, Prataya and Xiong assert that the Amended Complaint should be dismissed because Vang failed to allege facts that state plausible claims, failed to show how she was damaged, failed to prove violations of Title 18 of the United States Code, failed to disclose evidence that supports her allegations of sexual assault, failed to allege her true age, and failed to allege that Prataya and Xiong have been convicted of the crimes underlying her claims. Having reviewed the Amended Complaint, the Court concludes that Vang alleged sufficient facts that state plausible claims for relief. Insofar as Prataya and Xiong assert that the Amended Complaint fails to state a claim upon which relief can be granted, the Court denies their motion.

Prataya and Xiong also maintain that the Amended Complaint should be dismissed for failure to join a party under Rule 19. *See* Fed. R. Civ. P. 12(b)(7). They bear the burden of demonstrating why an absent person should be joined. *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 635 F.3d 87, 97 (3d Cir. 2011). They have not satisfied their burden. The Court declines to dismiss the Amended Complaint for failure to join a party under Rule 19.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Prataya and Xiong's Motion to Dismiss [Docket No. 16] is DENIED.

2. The hearing on November 29, 2012, at 9:30 a.m. is CANCELLED.

Dated: November 21, 2012

> s/Joan N. Ericksen
> JOAN N. ERICKSEN
> United States District Judge