UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Panyia Vang,

    Plaintiff,

v.                                               Case No. 12-cv-1847 (JNE/SER)
                                                  ORDER

Thiawachu Prataya et al.,

    Defendants.

Panyia Vang commenced this action in July 2012. The next month, she filed an amended complaint that asserted claims against Thiawachu Prataya, Chong Neng Xiong, Asian Community Special Services, Inc., and several unidentified companies. Vang asserted claims of child sex trafficking, child sex tourism, and support of child sex tourism. Motions to dismiss were filed in September and October 2012. Before Asian Community Special Services' motion was heard, Vang and Asian Community Special Services stipulated to the dismissal without prejudice of her claims against Asian Community Special Services. In November 2012, the Court denied Prataya and Xiong's motion to dismiss.

In early March 2013, a pretrial scheduling conference took place. A couple of days later, the magistrate judge, noting that numerous documents had been filed in error and that the Court had been "besieged with questions requesting legal advice," ordered the parties to meet with him on a monthly basis "to ensure that the case proceeds and is administered justly, speedily, and efficiently." Monthly status conferences took place from April to December 2013.

In early January 2014, the magistrate judge held a settlement conference that lasted 18 hours over the course of two days. The parties reached a settlement agreement. On January 13, 2014, the magistrate judge ordered the parties to file closing documents within 90 days. A status conference took place in March 2014. The next month, the magistrate judge extended the deadline for the filing of closing documents. Two status conferences took place in May 2014. On May 28, 2014, the magistrate judge set July 14, 2014, as the deadline to file closing documents. Given the judicial resources already expended, the magistrate judge admonished the parties that the deadline would not be extended and that no additional status conferences regarding settlement would take place.

On July 14, 2014, Vang and Xiong executed and filed a stipulation of dismissal with prejudice. No stipulation of dismissal was filed with respect to Prataya.

In October 2014, Vang moved to enforce the settlement agreement with respect to Prataya. In February 2015, the magistrate judge recommended that Vang's motion be denied because Prataya did not make a payment anticipated by the settlement agreement and the parties had agreed that the action would continue against a defendant who did not make the payment. The Court denied Vang's motion in March 2015.

In April 2015, the magistrate judge issued an amended pretrial scheduling order that set July 17, 2015, as the deadline for dispositive motions. On July 17, Vang improperly filed a motion for summary judgment, and Prataya improperly filed a motion

for judgment on the pleadings or for summary judgment. The documents filed on July 17 were marked "filed in error." On July 20, the parties refiled their motions.[1]

While the motions were under advisement, Vang and Prataya moved to stay the action to allow them to attempt to resolve their dispute through a television show. The Court stayed the action and ordered them to submit quarterly status reports.

In December 2016, Vang moved to lift the stay, to renew the parties' dispositive motions, and to obtain a scheduling order for any amendments to the motions. The Court solicited a response from Prataya, who moved to lift the stay, to renew his motion, to obtain a scheduling order, and to deny Vang's request for a scheduling order regarding amendments to the motions.

The Court lifts the stay and considers the parties' dispositive motions on the papers previously submitted. For the reasons set forth below, the Court grants in part and denies in part Prataya's motion for judgment on the pleadings or for summary judgment. The Court denies Vang's motion for summary judgment. The Court will notify the parties of the case's placement on the trial calendar in due course. *See* D. Minn. LR 39.1(a).

This case arises out of events that took place approximately ten years ago. In 2006, Prataya, who was born in 1963 and became a citizen of the United States in 1994, traveled from the United States to Laos, where he met Vang. At that time, she was a

---

[1] Vang asserted that Prataya's motion should be denied because it was filed after July 17. The Court declines to deny the parties' motions as untimely. *See Smith v. Insley's Inc.*, 499 F.3d 875, 879 (8th Cir. 2007). The Court also rejects Vang's argument regarding waiver. *See* Fed. R. Civ. P. 12(h)(2).

teenager. They had sexual intercourse. As a result, Vang became pregnant, and she gave birth to a child in 2007. In 2009, Vang's father brought Vang to the United States. In 2010, Prataya brought the child to the United States. Vang and Prataya have since engaged in numerous disputes in state court regarding orders for protection, custody of the child, and child support. In 2012, Vang brought this action against Prataya.

*Prataya's motion*

Prataya asserted that judgment on the pleadings should be entered in his favor because the basis of Vang's claim of child sex trafficking, the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, does not apply retroactively. *See Saterdalen v. Spencer*, 725 F.3d 838, 840-41 (8th Cir. 2013) (standard of decision). According to Prataya, the Trafficking Victims Protection Reauthorization Act of 2003 applies, and it does not authorize extraterritorial application. He also asserted that the basis of Vang's other claims, 18 U.S.C. § 2255 (2012) (amended 2013), does not apply extraterritorially. Finally, Prataya argued that summary judgment should be entered in his favor insofar as Vang brought claims under § 2255 for violations of 18 U.S.C. § 2421 (2012) (amended 2015), 18 U.S.C. § 2422 (2012), and 18 U.S.C. § 2423 (2012) (amended 2013 and 2015) because there is no evidence in the record that Prataya violated the statutes. *See Thomas v. Heartland Emp't Servs. LLC*, 797 F.3d 527, 529 (8th Cir. 2015) (standard of decision).

In response, Vang acknowledged that her claim of child sex trafficking is based on the Trafficking Victims Protection Reauthorization Act of 2003. *See* 18 U.S.C. §§ 1591(a), 1595 (2006) (amended 2008 and 2015). She also asserted that the statutes on

4

which she based her claims are properly applied to Prataya.  Finally, she asserted that genuine issues of material fact exist with respect to her claims that are based § 2423(c) and § 2423(e).

As to Vang's claim of child sex trafficking, the applicable version of § 1591(a) states:

> Whoever knowingly—
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, or obtains by any means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing that force, fraud, or coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

Section 1595(a) provides that "[a]n individual who is a victim of a violation of section . . . 1591 of this chapter may bring a civil action against the perpetrator in an appropriate district court of the United States and may recover damages and reasonable attorneys fees."

According to Prataya, Vang's claim under § 1595 for a violation of § 1591 should be dismissed because the Trafficking Victims Protection Reauthorization Act of 2003 "did not provide for extraterritorial application, but only within the special maritime and territorial jurisdiction of the United States."  Prataya failed to acknowledge the statute's applicability to conduct "in or affecting . . . foreign commerce" and the allegations regarding the arrangements made for Prataya and Vang to meet.  Accordingly, the Court

5

denies Prataya's motion insofar as it seeks judgment on the pleadings on Vang's claim of child sex trafficking.

Vang brought her other claims under § 2255(a), which states:

> Any person who, while a minor, was a victim of a violation of section . . . 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

Prataya asserted that Vang has no evidence to support the alleged violations of §§ 2421, 2422, and 2423. In addition, he asserted § 2255 does not allow for extraterritorial application.

Vang stated that she "is not attempting at this time to prove her case under 18 U.S.C.A. §§ 2421, 2422, or 2423(a), (b), or (d)." Insofar as Vang brought claims based on violations of §§ 2421, 2422, 2423(a), 2423(b), or 2423(d), the Court grants summary judgment to Prataya because Vang has not directed the Court to evidence that raises a genuine issue of material fact as to whether the provisions were violated.[2]

---

[2] Section 2421 prohibits the knowing transportation of "any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2421. Section 2422 prohibits the knowing persuasion, inducement, enticement, or coercion of "any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." *Id.* § 2422(a). Section 2423(a) prohibits the knowing transportation of "an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution, or in any sexual activity for which any

6

Under § 2423(c), it is unlawful for a United States citizen to travel in foreign commerce and engage in illicit sexual conduct with another person. 18 U.S.C. § 2423(c). By its terms, the statute applies to extraterritorial conduct. *United States v. Clark*, 435 F.3d 1100, 1106 (9th Cir. 2006). It is undisputed that Prataya, a United States citizen, traveled from the United States to Laos, where he had sexual intercourse with Vang. There is evidence in the record that Vang was 14 years old when they had sexual intercourse. Viewing the record in the light most favorable to Vang, a reasonable finder of fact could conclude that Prataya violated § 2423(c). *See* 18 U.S.C. § 2423(f) (defining "illicit sexual conduct"); 18 U.S.C. § 2243(a) (2012) (sexual abuse of a minor). The Court denies Prataya's motion with respect to Vang's claims based on a violation of § 2423(c).

Section 2423(e) states that "[w]hoever attempts or conspires to violate subsection (a), (b), (c), or (d) shall be punishable in the same manner as a completed violation of that subsection." Prataya summarily asserted that Vang "cannot prove that [he] conspired with anyone to violate the whole of Section 2423." Prataya has not adequately addressed this claim. The Court denies his motion on it.

---

person can be charged with a criminal offense." *Id.* § 2423(a). Under § 2423(b), it is unlawful for a United States citizen to travel in foreign commerce "for the purpose of engaging in any illicit sexual conduct with another person." *Id.* § 2423(b). Section 2423(d) states: "Whoever, for the purpose of commercial advantage or private financial gain, arranges, induces, procures, or facilitates the travel of a person knowing that such a person is traveling in interstate commerce or foreign commerce for the purpose of engaging in illicit sexual conduct shall be fined under this title, imprisoned not more than 30 years, or both." *Id.* § 2423(d).

*Vang's motion*

Vang moved for summary judgment on her claim of child sex trafficking. As noted above, the applicable version of § 1591(a) requires knowledge "that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." Citing *United States v. Robinson*, 702 F.3d 22 (2d Cir. 2012), Vang asserted that knowledge the victim has not attained the age of 18 years may be demonstrated by (1) the defendant's knowledge of that fact, (2) the defendant's reckless disregard of that fact, or (3) the defendant's reasonable opportunity to observe the victim. In the part of *Robinson* cited by Vang, the Second Circuit interpreted the version of § 1591 as amended by the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, which Vang conceded in her response to Prataya's motion does not apply. 702 F.3d at 30-32. As amended by the 2008 Act, § 1591(a) provided that a violation could be established based, in part, on a showing that the defendant acted "in reckless disregard of the fact . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." It also provided that, "[i]n a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years." In 2006, § 1591(a) required knowledge that the person had not attained the age of 18 years. *Robinson*, 702 F.3d at 29; *United States v. Chappell*, 665 F.3d 1012, 1015 (8th Cir. 2012).

8

Vang maintained that "[t]he evidence here establishes that regardless of whether Prataya had actual knowledge that Vang was under 18 years of age, he recklessly disregarded that fact and had a reasonable opportunity to observe her." Prataya's ability to observe her might permit an inference that he knew she was less than 18 years old, but it does not require such an inference. *See Robinson*, 702 F.3d at 36. The Court denies Vang's motion on her claim of child sex trafficking.

Vang moved for summary judgment on her claim under § 2255 based on a violation of § 2423(c). As noted above, under § 2423(c), it is unlawful for a United States citizen to travel in foreign commerce and engage in illicit sexual conduct with another person. It is undisputed that Prataya, a United States citizen, traveled to Laos, where he had sexual intercourse with Vang. Under either definition of the term, Vang asserted that Prataya engaged in "illicit sexual conduct." *See* 18 U.S.C. § 2423(f) (defining "illicit sexual conduct" as either "(1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States" or "(2) any commercial sex act (as defined in section 1591) with a person under 18 years of age").

Citing 18 U.S.C. § 2243(a), Vang asserted Prataya had engaged in illicit sexual conduct within the meaning of § 2423(f)(1). Section 2243(a) states:

> Whoever, in the special maritime and territorial jurisdiction of the United States . . . knowingly engages in a sexual act with another person who—

9

>> (1) has attained the age of 12 years but has not attained the age of 16 years; and
>
>> (2) is at least four years younger than the person so engaging;
>
> or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

Vang asserted that she was 14 years old when Prataya had sexual intercourse with her in 2006 and that he is almost 30 years older than her. Prataya asserted that "her age is a material issue of fact."

According to Vang, issue preclusion bars Prataya from contesting her age. She pointed to a state court's paternity judgment, a state court's order for protection, and an application for consular report of birth abroad of a citizen of the United States of America. According to each, Vang was born in 1991. Vang has not demonstrated that issue preclusion applies to the consular report. Nor has she demonstrated that her date of birth was necessarily determined in the state court proceedings that she cited. The Court concludes that issue preclusion is not appropriately applied here. *See Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007) (listing elements of issue preclusion); *Mach v. Wells Concrete Prods. Co.*, 866 N.W.2d 921, 927 (Minn. 2015) (same).

Next, Vang argued that judicial estoppel bars Prataya from contesting her age. She pointed to his submissions in the state court proceedings and the consular proceedings. "Judicial estoppel is an equitable doctrine, invoked by a district court at its discretion . . . ." *Capella Univ., Inc. v. Executive Risk Specialty Ins. Co.*, 617 F.3d 1040, 1051 (8th Cir. 2010). Although "the doctrine is not subject to a finite set of elements or factors, three factors have recurred in courts' analyses." *Id.* They are: (1) whether a

party's later position is clearly inconsistent with its earlier position; (2) whether the party persuaded a court to accept its earlier position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-71 (2001)).  Vang has not demonstrated that judicial estoppel applies to the consular proceedings.  Nor has she demonstrated that Prataya would derive an unfair advantage or impose an unfair detriment on Vang if he is not estopped from contesting her age.  The Court declines to apply judicial estoppel.

Finally, Vang maintained that the evidence conclusively establishes she was 14 years old when Prataya had sexual intercourse with her in 2006.  There is evidence in the record to support her assertion that she was 14 years old at the relevant time.  For instance, a copy of her birth certificate states that she was born in 1991.  Her passport contains the same date of birth.  There is also evidence in the record that Vang was at least 17 years old when Prataya had sexual intercourse with her in 2006.  The birth certificate of Prataya and Vang's child states that Vang was 18 years old when she gave birth.  Viewing the record in the light most favorable to Prataya, a reasonable finder of fact could conclude that Vang was at least 17 years old when Prataya had sexual intercourse with her in 2006.  The Court therefore denies her motion on her § 2423(c) claim insofar as she asserted that Prataya engaged in illicit sexual conduct within the meaning of § 2423(f)(1) and § 2243(a).

Vang also asserted that Prataya had engaged in illicit sexual conduct within the meaning of § 2423(f)(2). Section 2423(f)(2) refers to the definition of "commercial sex act" in § 1591, which is "any sex act, on account of which anything of value is given to or received by any person." Vang pointed to meals, lodging, and transportation paid for by Prataya in 2006, as well as clothing that he gave to her. She has not demonstrated that the expenses were paid, or that the clothing was given to her, on account of the sex acts in which he engaged with Vang. The Court denies Vang's motion on her claim under § 2255 based on a violation of § 2423(c).[3]

Vang's remaining claim under § 2255 is based on a violation of § 2423(e). Vang asserted that she need only "demonstrate an attempt or conspiracy to commit the acts, not actual completion of the acts." The Court rejects Vang's argument. *See Beck v. Prupis*, 529 U.S. 494, 501-04 (2000) (noting wide acceptance of the principle that "a plaintiff could bring suit for civil conspiracy only if he had been injured by an act that was itself tortious").[4] The Court denies her motion on her claim under § 2255 based on a violation of § 2423(e).

---

[3] The Court declines to consider the new arguments regarding whether commercial sex acts occurred that Vang asserted in her reply memorandum. *See* D. Minn. LR 7.1(c)(3)(B).

[4] As to Prataya, the distinction between Vang's conspiracy claim and her claim under § 2423(c) is unclear. *See Beck*, 529 U.S. at 501-04 ("[I]t was sometimes said that a conspiracy claim was not an independent cause of action, but was only the mechanism for subjecting co-conspirators to liability when one of their member committed a tortious act."). Insofar as Vang requested multiple awards of the presumed damages set forth in § 2255 (she sought $150,000 for Prataya's alleged violation of § 1591, another $150,000 for his alleged violation of § 2423(c), and still another $150,000 for his alleged violation of § 2423(e)), she has not directed the Court to any authority that supports the request. The case that she cited—*Prewett v. Weems*, 749 F.3d 454 (6th Cir. 2014)—states that the

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.  Vang's Motion to Allow Renewal of the Parties' Dispositive Motions, Reversal of Stay Order and for a Scheduling Order [Docket No. 251] and Prataya's Responsive Motion to Plaintiff's Motion to Renew [Docket No. 260] are GRANTED IN PART and DENIED IN PART.  The motions are granted with respect to lifting the stay and renewing the parties' dispositive motions.  The motions are otherwise denied.

2.  The stay [Docket No. 244] is lifted.  The requirement to file quarterly status reports is set aside.

3.  Vang's motion for summary judgment [Docket No. 204] is DENIED.

4.  Prataya's motion for judgment on the pleadings and for summary judgment [Docket No. 206] is GRANTED IN PART and DENIED IN PART.

5.  Vang's claims under § 2255 for violations of § 2241, § 2422, § 2423(a), § 2423(b), and § 2423(d) are DISMISSED WITH PREJUDICE.

6.  The Court will notify the parties of the placement of this action on a trial calendar in due course.

Dated: January 30, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

presumptive damage provision of § 2255 does not authorize an award of $150,000 per violation.  Instead, according to the Sixth Circuit, "the presumptive-damages provision applies on a per-lawsuit basis." 749 F.3d at 459-62.