UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Panyia Vang,

    Plaintiff,

v.                                                                     Case No. 12-cv-1847 (JNE/SER)
                                                                       ORDER

Thiawachu Prataya,

    Defendant.

Panyia Vang brought this action against Thiawachu Prataya and others. A stipulated dismissal of one defendant, a settlement with another, and the grant of partial summary judgment in Prataya's favor left Vang with claims against Prataya under 18 U.S.C. §§ 1591 and 1595, and 18 U.S.C. §§ 2255 and 2423. A jury trial took place. At trial, Vang asserted her claim under §§ 2255 and 2423(c). The jury returned a verdict in Vang's favor in the amount of $950,000. Judgment was entered in accordance with the verdict. The case is before the Court on Prataya's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial. For the reasons set forth below, the Court denies the motion.

*Renewed Motion for Judgment as a Matter of Law*

Rule 50(b) of the Federal Rules of Civil Procedure "provides for post-trial renewal of a Rule 50(a) trial motion for judgment as a matter of law. A court reviewing a Rule 50(b) motion is limited to consideration of only those grounds advanced in the original, Rule 50(a) motion." *Nassar v. Jackson*, 779 F.3d 547, 551 (8th Cir. 2015); *see Bank of Am. N.A. v. JB Hanna, LLC*, 766 F.3d 841, 850 (8th Cir. 2014) ("Because the Rule 50(b)

motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." (quoting Fed. R. Civ. P. 50 advisory committee's note to 2006 amendment)). A motion under Rule 50(a) "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "Although 'technical precision' in stating the grounds for a motion for judgment [as] a matter of law is not necessary, the motion must be 'specific enough' to notify the district court and the opposing party of the underlying issue." *Hyundai Motor Fin. Co. v. McKay Motors I, LLC*, 574 F.3d 637, 642 (8th Cir. 2009).

In this case, Prataya moved for judgment as a matter of law under Rule 50(a) at the close of all the evidence. His attorney stated:

> At this time, I would be remiss if I didn't make a motion for a judgment as a matter of law pursuant to Federal Rules of Civil Procedure [50(a)]. We're asking the Court to make a finding that a reasonable jury would not have a legally sufficient evidentiary basis to find for the plaintiff at this point. The evidence that's been presented in the Court over the last two days just simply is insufficient.

This motion lacks the particularity required of a Rule 50(a) motion. *See Nassar*, 779 F.3d at 551. Consequently, the Court denies Prataya's Rule 50(b) motion.

Even if Prataya's Rule 50(a) motion were sufficiently specific, the Court would deny his Rule 50(b) motion. A court may grant a motion for judgment as a matter of law against a party "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). To decide a motion for judgment as a matter of law, the court must:

> (1) resolve direct factual conflicts in favor of the nonmovant, (2) assume as true all facts supporting the nonmovant which the evidence tended to prove, (3) give the nonmovant the benefit of all reasonable inferences, and (4) deny the motion if the evidence so viewed would allow reasonable jurors to differ as to the conclusions that could be drawn.

*Stults v. Am. Pop Corn Co.*, 815 F.3d 409, 418 (8th Cir. 2016) (quoting *Jones v. Edwards*, 770 F.2d 739, 740 (8th Cir. 1985)); *see Bamford, Inc. v. Regent Ins. Co.*, 822 F.3d 403, 410 (8th Cir. 2016) ("To make this determination, the court reviews all record evidence, and views it in the light most favorable to the prevailing party. The court draws all reasonable inferences in favor of the prevailing party, without making credibility determinations or weighing the evidence." (citation omitted)).

At trial, Vang testified about the sexual contact between her and Prataya. She and members of her family testified about her date of birth. Documents were introduced to establish her date of birth, and photographs were introduced to corroborate her age. The evidence received at trial established a legally sufficient evidentiary basis for the jury to find for Vang.

*Motion for a New Trial*

Prataya moved for a new trial, arguing that the jury's verdict is against the weight of the evidence and that the damage award is excessive. A court may grant a motion for a new trial "when the first trial resulted in a miscarriage of justice, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial." *Trickey v. Kaman Indus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013); *see* Fed. R. Civ. P. 59(a)(1)(A). "On a motion for new trial, the district court is entitled to interpret the evidence and judge the credibility of witnesses, but it may not usurp the role of the

3

jury by granting a new trial simply because it believes other inferences and conclusions are more reasonable." *Van Steenburgh v. Rival Co.*, 171 F.3d 1155, 1160 (8th Cir. 1999).

The evidence received at trial presented the jury with disputes about whether Prataya engaged in a sexual act with Vang by using force against her and about Vang's age at the time of the sexual contact between her and Prataya. Having considered the evidence, the Court discerns no miscarriage of justice in the jury's resolution of the factual disputes. The verdict is not against the weight of the evidence.

"In general, 'awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury, especially when the jury is being asked to determine injuries not easily calculated in economic terms.'" *Townsend v. Bayer Corp.*, 774 F.3d 446, 466 (8th Cir. 2014) (quoting *Frazier v. Iowa Beef Processors, Inc.*, 200 F.3d 1190, 1193 (8th Cir. 2000)). In light of the evidence received at trial and the jury's findings that Prataya engaged in a sexual act with Vang by using force against her when she was under 18 years of age and that he engaged in a sexual act with her when she was under 16 years of age, the Court concludes that the damage award is not excessive.

The Court considers Prataya's remaining arguments under Rule 59. *See Nassar*, 779 F.3d at 552. First, Prataya asserted that Vang sought punitive damages in her closing argument notwithstanding the Court's pretrial ruling that she could not seek punitive damages. "A new trial should be granted where the improper conduct of counsel in closing argument [is] 'plainly unwarranted and clearly injurious.' A failure to object to statements made during closing argument waives such an objection." *Billingsley v. City of Omaha*, 277 F.3d 990, 997 (8th Cir. 2002) (citation omitted) (quoting *Griffin v. Hilke*,

4

804 F.2d 1052, 1057 (8th Cir. 1986)). Prataya made no objections to Vang's closing argument, and the Court discerns nothing in her closing argument that would warrant a new trial. *See Cook v. City of Bella Villa*, 582 F.3d 840, 857 (8th Cir. 2009) ("Only in extraordinary situations, in order to prevent a 'plain miscarriage of justice,' will a reviewing court reverse a judgment based upon errors not objected to at trial.").

Next, Prataya argued that "the burden of proof should have been clear and convincing evidence with respect to the underlying criminal acts, and not simply the preponderance of the evidence." At the final pretrial conference, the Court rejected this argument. Nothing in Prataya's motion calls into question that ruling.

Finally, Prataya maintained that § 2255 is unconstitutional as applied to him. He maintained that he "essentially had to defend against criminal charges" in this case, that a defendant in a criminal case has the right not to testify without adverse inference, and that an adverse inference may be drawn in a civil case from the exercise of the privilege against self-incrimination. He claimed that he was unable to fully defend himself and that "forcing [him] to withstand a claim brought under 18 U.S.C. § 2255 without a prior criminal conviction is in violation of his substantive and procedural constitutional rights." Prataya cited no authority to support his argument, and the Court discerns nothing unconstitutional about the application of § 2255 to him in this case.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Prataya's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial [Docket No. 339] is DENIED.

Dated: August 29, 2017

                                                        s/ Joan N. Ericksen
                                                        JOAN N. ERICKSEN
                                                        United States District Judge